UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    COMMUNITY PAPERS OF WESTERN              BK 15-12657 CLB
    NEW YORK, LLC

                    Debtor                              __DECISION & ORDER__
------------------------------------------------------

      -AND-

------------------------------------------------------

In re
                                                        BK 15-12658 CLB
    JAMES C. AUSTIN

                    Debtor
------------------------------------------------------

                                        Daniel F. Brown, Esq.
                                        Andreozzi Bluestein LLP
                                        9145 Main Street
                                        Clarence, NY 14031
                                        Attorneys for Debtors

                                        Joseph W. Allen, Esq.
                                        Office of the U.S. Trustee
                                        Olympic Towers
                                        300 Pearl Street, Suite 401
                                        Buffalo, NY 14202
                                        Attorneys for United States Trustee

Bucki, Chief U.S.B.J., W.D.N.Y.

     In these related cases, counsel for the debtors has filed final applications for the allowance of compensation and the reimbursement of expenses. The United States Trustee objects to those portions of the claims which relate to work and disbursements after the conversion of these cases from Chapter 11 to Chapter 7.

Community Papers of Western New York, LLC, and its owner, James C. Austin, filed separate petitions for relief under Chapter 11 of the Bankruptcy Code on December 15, 2015.  Shortly thereafter, the law firm of Andreozzi Bluestein LLP was duly appointed to serve as attorneys for the debtors during their pendency in Chapter 11.  On July 18, 2016, during the course of proceedings in Chapter 11, this Court authorized the payment of interim fees and disbursements to counsel in each of the cases.  On that occasion, we also granted the firm's specific request to apply its retainer against the fees that were then being allowed.

The cases of Community Papers and James C. Austin were respectively converted to Chapter 7 on August 24 and 25 of 2016.  Although never appointed to serve as attorneys for the trustee in either matter, Andreozzi Bluestein continued to provide limited services to the debtors.  These included preparation of a final report and attendance at the meeting of creditors required under 11 U.S.C. § 341.  Now, in final applications for allowances, Andreozzi Bluestein has included a request for payment on account of these post-conversion services and disbursements.

We agree with the United States Trustee that *Lamie v. United States Trustee*, 540 U.S. 526 (2004), must control any allowance to counsel.  In that case, the Supreme Court held that 11 U.S.C. § 330(a)(1) "makes no provision for the estate to compensate an attorney not authorised under § 327." *Id.* at 532.  Here, as in *Lamie*, Andreozzi Bluestein was authorized only to serve as attorneys for the debtors in Chapter 11.  We must therefore deny compensation for legal services "provided to a bankrupt debtor after the proceeding was converted to a chapter 7 bankruptcy." *Id.* at 529.

The objection of the United States Trustee is fully sustained in the case of Community Papers of Western New York, to the effect that we will disallow compensation in the amount of $1,675.50 and reimbursement of expenses in the amount of $227.85.  In

the case of James C. Austin, the trustee objects to the same amount of reimbursement and to compensation in the amount of $2,617.50. This later sum includes services that counsel rendered on the date of conversion in the amount of $1,071. The docket confirms that the Austin case converted to Chapter 7 at 2:16 P.M. on August 25, but we have no evidence of whether Andreozzi Bluestein delivered its services before or after that moment on the conversion date. Pursuant to authority granted under 28 U.S.C. § 586(a)(3)(A), the United States Trustee has promulgated guidelines for fee and expense applications. *See* Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, 28 C.F.R. Pt. 58, App. A (2018). Nothing in these guidelines requires any greater precision than identification of the date of service and expense. Because the applicant has supplied all of the required data, we impose no penalty for the mere possibility that some services may have extended beyond an unpredictable instant of docketing. Accordingly, the Court will overrule the objection for services rendered on the day of conversion. However, the subsequent fees in the amount of $1,561.50 and disbursements in the amount of $227.85 are disallowed.

In *Lamie*, the Supreme Court observed that the Bankruptcy Code "does not prevent a debtor from engaging counsel before a chapter 7 conversion and paying reasonable compensation in advance to ensure that the filing is in order. Indeed, the Code anticipates these arrangements." 540 U.S. at 537-38. Here, Andreozzi Bluestein received a retainer prior to the commencement of these cases in Chapter 11. The firm fully dissipated this retainer in July of 2016, after this Court granted a specific request for authority to apply moneys on account against fees allowed under the first interim fee application. If the firm had instead preserved a portion of its retainer as a contingency in the event of a conversion, then perhaps this Court might now have a basis to allow payment of post-conversion services and expenses. In the absence of any residual retainer, however, we must deny this portion of the present request.

The objections of the United States Trustee are sustained to the extent described herein. In the case of Community Papers of Western New York, the balance of the application is approved to the effect that Andreozzi Bluestein is allowed fees and disbursements in the combined total amount of $37,987.26. In the case of James C. Austin, the balance of the application is approved to the effect that Andreozzi Bluestein is allowed fees and disbursements in the combined total amount of $44,092.26. Payment on account of these allowances is deferred, however, until the Chapter 7 trustees make final distributions of estate assets.

So ordered.

Dated: May 1, 2019          /s/ Carl L. Bucki_____
      Buffalo, New York          Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.